UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS ANTHONY WILBON,

          Plaintiff,

v.                                                          Case Number: 2:10-CV-14081
                                                            Honorable Patrick J. Duggan

LARRY FORD, M. LAMBERT, MS.
COOPER, LATOYA JACKSON, BETH
GORDON-HOWELL, JOSEPH
BARRETT,

          Defendants.
                           /

## OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS AND DISMISSING COMPLAINT WITHOUT PREJUDICE

### I. Introduction

This matter is before the Court on Plaintiff Louis Anthony Wilbon's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Mound Correctional Facility in Detroit, Michigan. He seeks leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a)(1). Plaintiff names employees of the G. Robert Cotton Correctional Facility in Jackson, Michigan, as defendants in this action. He alleges that Defendants failed to house him in a single-cell unit, threatened him physical harm, and caused him anxiety, which places him in physical danger because of his heart condition. He seeks injunctive relief and monetary damages. For the reasons stated, the Court denies Plaintiff's application to proceed without

prepayment of fees and costs and dismisses his complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

## II.  Discussion

Plaintiff filed this lawsuit against Defendants on October 10, 2010.  On December 22, 2010, this Court issued an order requiring Plaintiff to show cause why his complaint should not be dismissed pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g). Plaintiff filed a response to the Court's show cause order on January 3, 2011, asserting that he should be allowed to proceed without prepayment of the filing fee because he is under imminent danger of serious physical injury.

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), where a prisoner seeks leave to proceed *in forma pauperis*, the Court may dismiss the case if, on three or more previous occasions, a federal court has dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted.  28 U.S.C. § 1915(g).  Plaintiff has filed at least three prior cases in federal district court which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.  *See Wilbon v. Baran, et al.*, No. 5:02-cv-60158 (E.D. Mich. Aug. 14, 2002); *Wilbon v. Baran, et al.*, No. 1:07-cv-00322 (W.D. Mich. July 20, 2007); and *Wilbon v. Thomas, et al.*, No. 2:07-cv-11903 (E.D. Mich. July 23, 2007).

A plaintiff may maintain a civil action despite having had three or more civil rights actions dismissed as frivolous if the prisoner is "under imminent danger of serious

2

physical injury."  28 U.S.C. § 1915(g).  In response to the show cause order, Plaintiff

invoked the imminent danger exception.

     The events giving rise to Plaintiff's complaint occurred at the Cotton Correctional

Facility in Jackson, Michigan, and Defendants are all employed at that facility.  Plaintiff

alleges that he suffers from tachycardia (i.e., a rapid heart beat) and that, while

incarcerated at the Cotton facility, he was transferred to a single-person cell to minimize

anxiety and in consideration of his need for incontinence-related undergarments.  On May

18, 2010, he experienced an episode of tachycardia, was taken to health services and

placed in an observation unit.  Plaintiff alleges that, while in the observation unit, his

single cell was taken away from him by Defendant M. Lumbert.  He was then placed in

the C-unit, a unit Plaintiff states is farther away from health services than his previous

unit.

     Plaintiff completed several "kites" requesting that he be returned to his single cell.

Plaintiff alleges that Defendants Lumbert and Cooper then conspired to prevent Plaintiff

from obtaining single-cell placement.  Defendants Lumbert and Cooper allegedly enlisted

Defendants Jackson and Gordon-Howell to assist with this conspiracy.  On June 23, 2010,

Plaintiff was summoned to the office of the assistant deputy warden, Defendant Ford, to

discuss a grievance filed regarding his placement.  Defendant Ford agreed to return

Plaintiff to single-cell placement.  However, when Plaintiff was not reassigned after a

week elapsed, Plaintiff again complained.  He claims that, in response to his complaints,

Defendant Ford threatened to cause him physical harm.  Plaintiff alleges that his fear of

physical harm places him at risk of having additional episodes of fast heart rate.  Plaintiff claims that Defendants continued to deny him single-cell placement based upon erroneous criteria.  On September 28, 2010, Plaintiff was transferred from the Jackson facility to the Cotton Correctional Facility in Detroit, Michigan.

In order to be exempt from the "three strikes" rule under § 1915(g), Plaintiff must have been under "imminent danger of serious physical injury" at the time the complaint initiating the lawsuit was filed, not at the time of the actionable events.  *Pointer v. Wilkinson*, 502 F 3d 369, 371 n. 1 (6th Cir. 2007) (citing *Malik v. McGinnis*, 293 F.3d 559, 563 (2nd Cir. 2002)) ; *see also Abdul-Akbar v. McKelvie,* 239 F.3d 307, 313 (3d Cir. 2001) (en banc) ("Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent'"); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (same).

Plaintiff's allegations of threats from guards, his placement in various cell blocks, and his resulting stress all arise from his time at the G. Robert Cotton Correctional Facility in Jackson, Michigan.  Plaintiff has been transferred to the Mound Correctional Facility in Detroit, Michigan, which removed him from the possibility of imminent threat posed by conditions at the Jackson facility.  Plaintiff's complaint includes no allegations of threats by Cotton Correctional Facility staff to support a claim of imminent threat of harm in his new facility.

### III.  Conclusion

Based upon the foregoing, the Court concludes that Plaintiff has filed more than

three previous lawsuits which have been dismissed as frivolous or for failure to state a

claim upon which relief may be granted and that he has failed to establish that he is under

imminent danger of serious physical injury so as to fall within the exception to the three

strikes provision of 28 U.S.C. § 1915(g). Accordingly, Plaintiff's application to proceed

without prepayment of fees or costs is **DENIED** and his Complaint is **DISMISSED**

**WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g) as Plaintiff may re-file his

complaint with payment of the $350.00 filing fee.

The Court notes that any such complaint will be reviewed to determine whether it

should be served upon the defendants or summarily dismissed pursuant to 28 U.S.C.

§ 1915A(b), which requires the Court to dismiss a complaint brought against

governmental entities, officers, and employees if the complaint is "frivolous, malicious,

or fails to state a claim upon which relief may be granted."

**SO ORDERED**.

Dated: February 10, 2011                           s/PATRICK J. DUGGAN
                                                   UNITED STATES DISTRICT JUDGE

Copy to:
Louis Anthony Wilbon, #162532
Mound Correctional Facility
17601 Mound Road
Detroit, MI 48212

5